UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD C TODD JR. and VICKY TODD<br>32 Stoney Run Road<br>Dillsburg, PA 17019<br><br>        Plaintiff(s)<br><br>        v.<br><br>84 LUMBER COMPANY;<br><br>CARRIER CORPORATION;<br><br>CURTISS-WRIGHT CORPORATION;<br><br>DCo LLC f/k/a DANA COMPANIES, LLC;<br><br>EATON HYDRAULICS LLC ( Successor by merger to EATON HYDRAULICS INC. f/k/a VICKERS, INC.)<br><br>ELECTROLUX HOME PRODUCTS, INC. Individually, and as Successor to Tappan and Copes-Vulcan;<br><br>FEDERAL- MOGUL ASBESTOS PERSONAL INJURY TRUST as a successor to FELT PRODUCTS MFG. CO.;<br><br>GENERAL ELECTRIC COMPANY;<br><br>GENUINE PARTS COMPANY, trading as NAPA AUTO PARTS;<br><br>GOULDS PUMPS LLC;<br><br>ITT LLC., Individually and as successor to BELL & GOSSETT and as successor to KENNEDY VALVE MANUFACTURING CO., Inc.;<br><br>JOY GLOBAL SURFACE MINING INC., f/k/a P&H MINING EQUIPMENT INC.; | Civil Action No. 2:25-cv-7087 |

| | |
|---|---|
| MORSE TEC LLC, f/k/a BORG WARNER MORSE TEC LLC and Successor-by-Merger to BORG-WARNER CORPORATION; | : |
| NAVISTAR, INC., a/k/a INTERNATIONAL TRUCK & ENGINE CORP. f/k/a INTERNATIONAL HARVESTER, INC.; | : |
| NORTHROP-GRUMANN CORPORATION, Individually and as Successor in interest to GRUMMAN CORPORATION, and GRUMMAN FLXIBLE; | : |
| PARAMOUNT GLOBAL, f/k/a VIACOMCBS Inc., f/k/a CBS CORPORATION, a Delaware Corporation, f/k/a/ VIACOM INC., successor by merger to CBS CORPORATION, a PENNSYLVANIA CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION; | : |
| PNEUMO ABEX LLC, successor in interest to ABEX CORPORATION (ABEX); | : |
| PRATT & WHITNEY POWER SYSTEMS, INC.; | : |
| REDCO CORPORATION f/k/a CRANE CO.; | : |
| STERLING WANDER LLLP f/k/a HONEYWELL INTERNATIONAL, INC., as successor in interest to BENDIX; | : |
| THE B.F. GOODRICH COMPANY, (GOODRICH CORPORATION); | : |
| THE GOODYEAR TIRE AND RUBBER COMPANY; | : |
| UNION CARBIDE CORPORATION; | : |
| VOITH HYDRO, INC., Individually and as Successor to Allis Chalmers; | : |
| WARREN PUMPS, LLC; | : |
| Defendants. | : |

2

**DEFENDANT NORTHROP GRUMMAN CORPORATION'S
NOTICE OF REMOVAL**

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

Northrop Grumman Corporation, incorrectly identified in the action as "Northrop-Grumann Corporation, Individually and as Successor in interest to Grumman Corporation, and Grumman Flxible" ("Northrop Grumman"), hereby files this Notice of Removal in the above-captioned action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1442(a)(1), and 1446. Removal to this Court is appropriate under the federal officer removal statute and because Plaintiffs' claims involve a federal question. The grounds for removal are more particularly stated as follows:

**I.      Background**

1.      Northrop Grumman hereby asserts its grounds to support removal pursuant to 28 U.S.C. §§ 1331, 1442(a)(1), and 1446.

2.      On October 21, 2025, Plaintiffs filed this action captioned *Richard C Todd Jr. and Vicky Todd v. 84 Lumber Company, et al.*, in the Court of Common Please Philadelphia County ("State Court"), Case No. 251002468 against various Defendants including Northrop Grumman. Plaintiffs served Northrop Grumman with a copy of the Complaint on October 28, 2025. *See* Complaint (attached hereto as Exhibit A).

3.      Plaintiffs' Complaint alleges that Richard Todd developed mesothelioma as a result of occupational exposure to asbestos from his time in the United States Navy and through his work as an auto mechanic, laborer, welder and fabricator at various employment locations. During his time in the United States Navy, he was allegedly exposed to asbestos from his work as an aviation machinist mate. Mr. Todd also alleges exposure to boilers, pumps, insulation, gaskets, valves,

packing, engine gaskets, aircraft brakes, and other aircraft parts while aboard the USS Randolph. Compl., Ex. A, at ¶ 5.

4. Plaintiffs claim that Mr. Todd's exposure to asbestos "arose from working with or around asbestos containing products manufactured and distributed by defendants," including Northorp Grumman. Compl., Ex. A, at ¶ 6.

5. Plaintiffs named Northrop Grumman in the Complaint as a successor to "Grumman Flxible" which refers to a Northrop Grumman legacy company that manufactured buses. Based on the complaint, Northrop Grumman assumed the claims against it arose out of Mr. Todd's work as an auto mechanic on Grumman Flxible buses. Compl., Ex. A.

6. On November 17, 2025, Plaintiffs served Northrop Grumman with a copy of their responses to General Interrogatories – Set I at which time Northrop Grumman first learned that the claims against it allegedly arise out of Mr. Todd's work with military aircraft rather than Grumman Flxible buses. *See* Plaintiffs' Discovery Responses (attached hereto as Exhibit B).

7. In the discovery responses, Plaintiffs identified Northrop Grumman as one of several aircraft engine manufacturers that allegedly exposed Mr. Todd to asbestos.[1] *See* Plaintiffs' Discovery Responses, Ex. B, at No. 9.

8. The deposition of Mr. Todd went forward on November 19th and 20th, 2025. During his deposition, Mr. Todd testified that, while serving in the United States Navy, he performed mechanical work on aircraft engines associated with Grumman C-1A and S-2F military aircraft in accordance with military orders and specifications provided in Navy manuals. *See* Discovery

---

[1] Northrop Grumman did not manufacturer engines for the aircraft at issue and it wasn't until plaintiff's deposition on November 19th and November 20th 2025 that Northrop Grumman confirmed that the claims against it arise out of Mr. Todd's work with and around engines associated with Grumman military aircraft.

4

Deposition Transcript of Richard Todd (attached hereto as Exhibit C) at 203:16-22; 247:11-18; 264:15-24.

9. Mr. Todd further testified that the aircraft, aircraft engines, and related component parts that he encountered while in the United States Navy were state-of-the-art equipment built pursuant to detailed military specifications and government contracts for the military. *See* Mr. Todd's Deposition Transcript, Ex. C, at 266:21-270:12.

10. Plaintiffs assert broad product liability claims against Northrop Grumman, including claims for negligence, willful and wanton conduct, reckless indifference, struct liability, misrepresentation, and breach of express and implied warranties.

11. Plaintiffs' claims seek to implicate Northrop Grumman for conduct under color of a federal officer and for which Northrop Grumman is immune from suit under the defenses described in this Notice.

12. Accordingly, this case is removable on the grounds of federal office removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), and this removal is timely pursuant to 28 U.S.C. § 1446(c)(1).

## II. Grounds for Removal: Federal Question Jurisdiction – Federal Officer Removal

13. Northrop Grumman may remove this case to this Court on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

14. Jurisdiction under 28 U.S.C. § 1442 may be invoked unilaterally by any defendant. *See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.,* 644 F.2d 1310, 1314–15 (9th Cir. 1981); *see also Huntingdon Valley Club Condominium Ass'n v. Penn. Housing Finance Agency*, No. 04-cv-4770, 2005 WL 44524, at *2 (E.D.Pa. Jan. 10, 2005) ("Although the Third Circuit has not addressed the issue, every court of appeals to have considered the issue has decided that a federal

officer or agency may unilaterally remove an entire case to federal court under § 1442, regardless of whether other defendants join in the removal notice.").

15. A defendant may invoke this Court's jurisdiction where it demonstrates it is: (1) a "person" within the meaning of the statute; (2) "acting under the United States, its agencies, or its officers"; (3) defending a suit "for or relating to any act under color of such office"; and (4) asserting a "colorable federal defense" to liability. 28 U.S.C. § 1442(a)(1); *see Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 812 (3d Cir. 2016).

16. Northrop Grumman is a "person within the meaning of 28 U.S.C. § 1442(a)(1). *See Papp*, 842 F.3d at 812 (holding that defense contractor Boeing was a "person" within the meaning of the statute because Title I of the United States Code defines "person" to include corporations [and] companies . . .").

17. Northrop Grumman, if it is deemed to be a proper party, is entitled to rely on the federal officer removal statute because Northrop Grumman: (1) was acting under the direction of a federal officer or agency; (2) has colorable federal defenses arising out of its duties to the federal government; and (3) will demonstrate that there is a causal connection between the acts it performed under color of federal office and Plaintiffs' allegations in the present case. *See Mesa v. California,* 489 U.S. 121, 127, 129, 131–32 (1989).

18. Moreover, Plaintiffs' claims against Northrop Grumman center on the company's actions under color of federal authority. The government contractor defense provides that a government contractor's duties are displaced when the government exercises a "discretionary function" over the design of a product. *See Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1988).

19. Since before World War II, Northrop Grumman (including its predecessor companies) has designed, built, and repaired a wide variety of aircraft for the United States

military, including the United States Navy. These aircraft that Northrop Grumman designed and manufactured under contract with the United States military, including all equipment and materials, were designed and built in accordance with strict United States military specifications and oversight.

20. Plaintiffs' claims against Northrop Grumman arise out of Mr. Todd's alleged occupational and bystander exposure to asbestos from aircraft and aircraft components supplied to the United States Navy pursuant to the United States' precise specifications and under the direction and control of the Secretaries of the Departments of Defense and the United States Navy. Any decision regarding asbestos in these products was under the full control and discretion of the United States Government. *See Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 149, 155–157 (D.Me. 2005) (citing *Freiberg v. Swinerton & Walberg Prop. Servs.*, 245 F. Supp. 2d 1144, 1151 (D. Colo. 2002)).

21. Work that Northrop Grumman may have performed in producing aircraft, including the incorporation of aircraft components, would have conformed to government specifications, and to the extent that asbestos was known at the time to be a hazardous material, the government's knowledge of those hazards was superior to that of Northrop Grumman. *See Niemann v. McDonnell Douglass Corp.*, 721 F. Supp. 1019, 1027–28 (S.D. Ill 1989) (finding that the government was aware of any asbestos-related hazards during the 1940s and 1950s); *see also Nesbiet v. Gen. Elec. Co.*, 399 F.Supp. 2d 205, 212 (S.D.N.Y. 2005) (finding that the military's knowledge of the dangers of asbestos was state-of-the-art).

22. Removal is appropriate under Section 1442(a)(1) where the "defendant identifies facts which, viewed in the light most favorable to the defendant, entitle him or her to a complete defense." *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 778 (E.D. Pa. 2010).

23. "Section 1442(a) is an exception to the well-pleaded complaint rule, under which (absent diversity) a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under federal law. . . . Unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum." *Papp*, 842 F.3d at 811 (citations omitted); *see also Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (noting that the Supreme Court has "rejected a 'narrow, grudging interpretation' of the [federal officer removal] statute").

24. Northrop Grumman, if it is deemed to be a proper party, is entitled to rely on the government contractor defense, which was developed from the principle of sovereign immunity. This defense has also been described as derivative sovereign immunity. This defense is uniquely federal in nature and thus displaces state law and is governed by federal common law. *Boyle*, 487 U.S. at 505 and 505 n.1 ("Another area that we have found to be of peculiarly federal concern, warranting the displacement of state law, is the civil liability of federal officials for actions taken in the course of their duty. We have held in many contexts that the scope of that liability is controlled by federal law. . . . [T]he liability of independent contractors performing work for the Federal Government, like the liability of federal officials, is an area of uniquely federal interest."); *Yearsly v. W.A. Ross Constr. Co.*, 309 U.S. 18, 20–21 (1940); *see also Zinck v. ITT Corp.*, 690 F. Supp. 1331, 1333 (S.D.N.Y. 1988) ("When a contractor acts under the authority and direction of the United States, it shares in the immunity enjoyed by the Government. . . . The application of this principle in a military context is even more sound because the government contractor defense serves not only the historic purpose, but it promotes and protects both the separation of powers and the military procurement process.").

25. The government contractor defense results in preemption of Plaintiffs' claims and shields Northrop Grumman from any liability for injuries arising from any exposure to asbestos while maintaining and/or performing any other work to military aircraft or their parts. *See Boyle*, 487 U.S. at 505-06; *Yearsly*, 309 U.S. at 20-21 ("[I]t is clear that if [the] authority to carry out the project was validly conferred, that is, if what was done was within the constitutional power of Congress, there is no liability on the part of the contractor for executing its will."); *Worcester v. HCA Mgmt. Co.*, 753 F. Supp. 31, 37-38 (D. Mass. 1990) ("The Supreme Court has long held that, pursuant to sovereign immunity, a private company which contracts with the federal government to perform the duties of the government will not be held liable for its actions on behalf of the government.").

26. Pursuant to the United States Supreme Court ruling in *Boyle,* military equipment manufacturers, such as Northrop Grumman, cannot be held liable under state law for any injuries caused by the equipment it built for the United States military when: (a) the United States approved reasonably precise specifications; (b) the equipment conformed to these specifications; and (c) the equipment supplier warns the military about any hazards involved in the use of the equipment that are known to the equipment supplier but not known to the military. *Boyle*, 487 U.S. at 512. Under the third prong of *Boyle*, contractors only need to warn of dangers in equipment use "about which the contractor knew, but the United States did not." *Hicks v. Boeing Company*, No. 13-cv-393, 2014 WL 1051748, at *5 (D. Del. Mar. 17, 2014). If it is deemed to be a proper party, Northrop Grumman can prove that it followed detailed instructions and specifications provided by the United States military, including the United States Navy, the services it performed conformed to those instructions and specifications, and that it had no further information regarding hazards of asbestos than the United States Government.

27. Here, Northrop Grumman has satisfied all the requirements and is entitled to the federal officer removal provision. *See Papp*, 842 F.3d at 814–15 ("At the removal stage, Boeing needed only show that its asserted *Boyle* defense was "colorable," which is to say that the defense was "legitimate and [could] reasonably be asserted, given the facts presented and the current law."). Northrop Grumman designed and manufactured aircraft and aircraft parts for the United States military pursuant to specifications provided by the United States Government. Northrop Grumman was acting under the direction of agents and officers of the United States military within the meaning of 28 U.S.C. § 1442(a)(1) in designing, manufacturing and supplying aircraft for the United States military as well as any manuals and labels that accompanied those aircraft. A causal nexus exists between Plaintiffs' claims in this action and the acts taken by Northrop Grumman under the direction of federal officers. Plaintiffs' claims against Northrop Grumman purportedly arise from Mr. Todd's alleged exposure to asbestos from military aircraft and/or aircraft component parts during his service in the United States Navy. Military aircraft were designed and manufactured under strict government control and pursuant to precise specifications that were provided by, scrutinized by and/or revised by, and in all cases approved by the United States military. The actions of Northrop Grumman are inseparable from the government specifications, regulations and oversight, and a clear causal nexus exists between Plaintiffs' claims and the acts performed under color of the federal office. *See Boyle*, 487 U.S. at 504–506.

28. Whether Plaintiffs have stated a cause of action under which a military contractor can be liable or whether such claims are preempted is a uniquely federal issue that invokes this Court's jurisdiction pursuant to § 1331. *See Boyle*, 487 U.S. at 505. Thus, Northrop Grumman is also entitled to remove this case on the basis of federal question pursuant to § 1331 because Plaintiffs' claims arise under the laws of the United States, as explained in *Yearsly* and *Boyle*.

### III.  Standard To Be Applied

29.     The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405 (1969); *Cuomo v. Crane Co.*, 771 F.3d 113, 115 (2d Cir. 2014). A colorable defense need not be proven at this stage of the litigation due to the broad removal right the statute creates. *Hagen,* 739 F.Supp.2d at 777.

30.     "While the Court must require that the facts identified by the defendant support the federal defense, the Court is not called upon at this preliminary stage to pierce the pleadings or dissect the facts stated. Nor is the Court's function at this stage to determine credibility, weigh the quantum of evidence or discredit the source of the defense. . . . It is the sufficiency of the facts stated—not the weight of the proof presented—that matters. . . . Thus, the Court concludes that *a defense is colorable for purposes of determining jurisdiction under Section 1442(a)(1) if the defendant asserting it identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial*." *Id.* at 782–83 (emphasis added). Here, Northrop Grumman identifies facts that establish the applicability of the government contractor defense and entitle it to the federal officer removal provision.

### IV.  Removal Is Timely

31.     Northrop Grumman's receipt of Plaintiffs' responses to General Interrogatories – Set I on November 18, 2025, where Plaintiffs first identified the claims against Northrop Grumman as involving military aircraft, served as its first notice that this is a civil action which may be removed pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute, and 28 U.S.C. § 1331, as Plaintiffs' responses to discovery in conjunction with Plaintiffs' Complaint contain claims involving a federal question.

32. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that the notice of removal shall be filed within thirty (30) days after receipt by the defendant, by service or otherwise, of a paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b); *see also Foster v. Mutual Fire Marine & Island Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993).

**V.     Consent Is Not Required**

33. Northrop Grumman is not required to notify and obtain consent of any other defendant in the action in order to remove Plaintiffs' action as a whole under 28 U.S.C. § 1442(a)(1) because the statute is jurisdictional in nature. *Ely Valley Mines Inc.*, 644 F.2d at 1315; *see also Huntingdon Valley Club Condominium Ass'n,* 2005 WL 44524, at *2. Because Northrop Grumman satisfies the requirements for removal under 28 U.S.C. § 1442(a), it is entitled to remove this entire action.

34. The existence of a single removal claim allows removal of the entire action. 28 U.S.C. § 1441(c).

35. Should Plaintiffs file a Motion to Remand this case, Northrop Grumman reserves the right to respond more fully in writing, including the submission of affidavits and authorities.

36. Northrop Grumman reserves the right to amend or supplement this Notice of Removal.

37. Northrop Grumman reserves all defenses without limitation.

38. Because this Court is the United States District Court for the district and division embracing the place where the State Court Action was filed, it is the appropriate court for removal under 28 U.S.C. § 1446(a).

WHEREFORE, Defendant Northrop Grumman Corporation, incorrectly identified in the action as "Northrop-Grumann Corporation, Individually and as Successor in interest to Grumman Corporation, and Grumman Flxible", pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Court of Common Pleas of Philadelphia County.

                                                                  Respectfully submitted,

                                                                  **DLA Piper LLC (US)**

Dated: December 16, 2025            By:    <u>*/s/ Nancy Shane Rappaport*</u>   .
                                                              Nancy Shane Rappaport, Esq.
                                                              Adam A. DeSipio, Esq.
                                                              Kristen F. Mazzeo, Esq.
                                                              One Liberty Place
                                                              1650 Market Street, Suite 5000
                                                              Philadelphia, PA 19103
                                                              Tel: (215) 656-3300
                                                              Fax: (215) 656-3301

                                                              *Counsel for Defendant, Northrop Grumman Corporation Incorrectly named as "Northrop-Grumann Corporation, Individually and as Successor in interest to Grumman Corporation, and Grumman Flxible"*

13

## **CERTIFICATE OF SERVICE**

I, Nancy Shane Rappaport, Esquire, do hereby certify that on December 16, 2025, a true and correct copy of the foregoing Notice of Removal for Defendant Northrop Grumman Corporation incorrectly named as "Northrop-Grumann Corporation, Individually and as Successor in interest to Grumman Corporation, and Grumman Flxible" was served upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                    By:    */s/ Nancy Shane Rappaport*
                                                                        Nancy Shane Rappaport, Esquire